THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LAKENDA TOMBLIN**, individually, and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**GEICO CHOICE INSURANCE COMPANY**,<br><br>Defendant. | Case No. |

## NOTICE OF REMOVAL

GEICO Choice Insurance Company ("GEICO Choice") removes this case from the Court of Common Pleas, Lake County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division, on the following grounds.

## BACKGROUND

1. Plaintiff Lakenda Tomblin ("Plaintiff") filed this civil action against GEICO Choice on August 10, 2021, in the Court of Common Pleas in Lake County, Ohio, Case No. 21CV000967 ("State Court Action").

2. Plaintiff's Class Action Complaint, in which she demanded a jury trial ("Complaint"), alleges GEICO Choice violates Ohio law by not unconditionally paying "dealer fees" as part of the "actual cash value payment" for total loss claims, and, therefore, breaches its contracts with insureds. Compl. ¶ 2.

1

3. Plaintiff further alleges that she was a GEICO Choice insured when her motor vehicle was involved in an accident that rendered her vehicle a total loss and that GEICO Choice did not pay a dealer fee. Compl. ¶¶ 17-19, 49.

4. Count I in Plaintiff's Complaint seeks a declaration that GEICO Choice's insurance policy "requires payment of either the median amount of dealer fees charged by auto dealers in Ohio or the amount of dealer fees most frequently charged by auto dealers in Ohio, the statutory maximum fees of $250." Compl. ¶ 46.

5. Count II in Plaintiff's Complaint asserts GEICO Choice breached its contract with Plaintiff and other putative class members by not paying dealer fees as part of a total loss settlement. Compl. ¶ 49.

6. Plaintiff also asserts that "[w]hether Tomblin and the other Class members were damaged in the amount of the license fees . . . that GEICO refused to pay" is a "question[] of law and fact that [is] common to and affect[s] the rights of all members of the Class." Compl. ¶ 25(b).

7. Plaintiff also seeks pre- and post-judgment interest and attorneys' fees. Compl., Request for Relief ¶¶ c, e-f.

8. Plaintiff asserts Counts I and II on behalf of herself and a putative class she defines as individuals who: "(a) on or after August 10, 2013; (b) are or were covered by a GEICO Ohio personal automobile insurance policy; (c) made a claim under the Collision or Comprehensive coverage of that policy for damage or loss to a covered vehicle which GEICO accepted and treated as a total loss claim; and (d) GEICO paid the claim on a cash basis." Compl. ¶ 22. Plaintiff defines the "class period" as "from August 10, 2013, to the date of class certification." Id.[1]

---

[1] GEICO Choice relies upon Plaintiff's allegations regarding the nature of the putative class only for purposes of jurisdiction under CAFA. GEICO Choice denies that the putative class is properly

## VENUE

9. Under 28 U.S.C. § 1446(a), this Court is the proper venue for this action as the district and division within which the State Court Action was brought.

## JURISDICTION

10. Removal is proper in this case because the Court has original jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). CAFA applies because there is: (1) minimal diversity of citizenship; (2) a proposed class with at least 100 members; and (3) at least $5 million in controversy.

## GEOGRAPHICAL DIVERSITY

11. Upon information and belief, Plaintiff is a citizen of Ohio. Compl. ¶ 7.

12. GEICO Choice is a Nebraska corporation with its principal place of business in Maryland, making it a citizen of Nebraska and Maryland. *See* 28 U.S.C. § 1332(c)(1).

13. Because Plaintiff and GEICO Choice are citizens of different states, there is at least minimal diversity among the parties to this case as required under CAFA for original jurisdiction in this Court. *See* 28 U.S.C. § 1332(d)(2)(A).

## THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

14. Plaintiff seeks to represent a class of GEICO Choice policyholders with total loss claims that GEICO Choice paid on a cash basis from August 10, 2013 until the date of class certification. Compl. ¶ 22.

15. Plaintiff alleges this putative class includes "at least a hundred GEICO [Choice] policyholders." Compl. ¶ 24.

---

defined and denies that this case is proper for class treatment under the Ohio or Federal Rules of Civil Procedure and governing authority.

16. GEICO Choice's first total loss claim from an Ohio policyholder had a date of loss of October 2, 2014. Ex. 1, September 7, 2021, Declaration of David Antonacci ("Antonacci Decl."), ¶ 5. Based on a preliminary and high-level search of GEICO Choice's records, GEICO Choice handled more than 13,000 total loss claims from Ohio policyholders from October 2, 2014 through September 1, 2021, *id.* ¶ 6, and will continue to accrue additional putative class members until "the date of class certification." Compl. ¶ 22.

17. The proposed class is comprised of at least 100 members as required under CAFA for original jurisdiction in this Court. 28 U.S.C. § 1332(d)(5)(B).

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD

18. The amount in controversy in this case exceeds the $5 million threshold for diversity jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2); *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) ("Absolute certainly is not required. It is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." (quoting *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

19. In her individual capacity and on behalf of each putative class member, Plaintiff seeks "either the median amount of dealer fees charged in Ohio or the amount of dealer fees most frequently charged in Ohio, the statutory maximum of $250 in either case." Compl. ¶ 49.

20. CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v.*

4

*Knowles*, 568 U.S. 588, 592 (2013). This includes all "persons (named or unnamed) who fall within the definition of the *proposed* or certified class." *Id.* (quoting 42 USC § 1332(d)(1)(D)). Plaintiff seeks to represent a class, in which "[t]he class period will be from August 10, 2013, to the date of class certification." Compl. ¶ 22. All persons that fall within the definition of Plaintiff's proposed class necessarily includes those insureds who will suffer a total loss at any time up until and including the date of class certification, and Ohio policyholders will continue to suffer total losses and fall within the definition of Plaintiff's proposed class up until and including the date of class certification. *See Naji v. Lincoln*, 665 F. App'x 397, 401-02, 401 n.2 (6th Cir 2016) (relying on assumed future damages claimed in complaint to find the amount in controversy satisfied); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable" and "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount'" (citations omitted)).

21. Further, "[a]lthough the jurisdiction of the federal court is examined at the time of removal, future compensations that are claimed in the complaint are included in the total amount in controversy." *Naji*, 665 F. App'x at 401-02, 401 n.2 (citations omitted) (considering damages accruing well after complaint was filed and removed in calculating the amount in controversy); *see also Roe*, 613 F.3d at 1063 ("We have found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."). Plaintiff's Complaint seeks damages for putative class members that will be identified up until and including the date of class certification. Compl. ¶ 22 ("The class period

5

will be from August 10, 2013, to the date of class certification."); *id.*, Request for Relief ¶ d (requesting the Court "award[] Tomblin and the other members of the Class damages for breach of contract"). This Court should consider all alleged damages that are expected to accrue up until and including the date of class certification in calculating the amount in controversy. *Cf. Danan v. Am. Honda Motor Co., Inc.*, No. 1:17 CV 260, 2017 WL 2537074, at *6 (N.D. Ohio June 9, 2017) (considering "attorney's fees to be incurred in this matter" in the amount in controversy (emphasis omitted)).

22. To estimate the number of days that this Court can reasonably expect will lapse between the date Plaintiff filed her Complaint and the date of class certification, should this Court conclude Plaintiff has met her burden to certify a class, *Desai v. GECIO Casualty Co.*, No. 1:19-cv-2327 (N.D. Ohio), is informative. *Desai* is a putative class action that was brought by many of the same attorneys as have brought the present action, raises the same dealer fee claim, is against another GEICO entity, is being defended by the undersigned counsel, and was removed to this District and Division. It is reasonable to assume the present case will proceed in a similar manner as *Desai* has proceeded thus far.

23. Plaintiff Desai filed his Complaint on September 6, 2019, *Desai*, No. 1:19-cv-2327, Doc. 1-1, and his motion for class certification on September 1, 2021, *id.*, Doc. 97. The median time for judges in this District to rule on a motion for class certification is 117 days after the date on which the motion was filed. *See* Ex. 2, Westlaw Litigation Analytics Median Time to Rule on Motion to Certify Class, Northern District of Ohio. Thus, it is reasonable to assume that Judge Calabrese will not rule on Plaintiff Desai's motion for class certification, thereby closing the putative class period, until December 27, 2021. In total, this is 843 days after the date that Plaintiff Desai filed his complaint.

24. Here, Plaintiff filed her Complaint on August 10, 2021. The putative class period will close on "the date of class certification," should this Court conclude Plaintiff has met her burden to certify a class. Compl. ¶ 22. Based on the timeline from *Desai*, this Court can reasonably estimate that the putative class period will continue through December 1, 2023, which is 843 days after the date that Plaintiff filed her Complaint.

25. Based on GEICO Choice's preliminary and high-level search of its records, GEICO Choice handled 13,385 total loss claims from Ohio policyholders from October 2, 2014 through September 1, 2021. Antonacci Decl. ¶ 6. In other words, there were 13,385 putative class members as of September 1, 2021.

26. From January 1, 2020 through September 1, 2021, GEICO Choice handled 5,240 total loss claims from Ohio policyholders. *Id.* ¶ 7. Thus, GEICO Choice handled, on average, 8.5902 total loss claims from Ohio policyholders each day during 2020 and the first 244 days of 2021 (5,240 total loss claims ÷ 610 days). *Id.* It is reasonable to assume that GEICO Choice will continue to handle total loss claims from Ohio policyholders, and putative class members will continue to accrue, at this same rate throughout the putative class period. *Id.* Further, using these years to extrapolate from provides the most accurate reflection of potential class members as GEICO Choice's market share has increased over the years, resulting in more claims each year.

27. Assuming this rate continues from September 2, 2021 through December 1, 2023, the date this Court can reasonably estimate the putative class will close, GEICO Choice can be expected to handle an estimated 7,052 additional total loss claims from Ohio policyholders (821 days x 8.5902 claims per day). *Id.* ¶ 8. In other words, 7,052 putative class members are estimated to accrue through the close of the putative class period.

28. Therefore, this Court can reasonably estimate that there will be 20,437 putative class members by the time the putative class period closes (13,385 putative class members from October 2, 2014 through September 1, 2021 + 7,052 estimated putative class members from September 2, 2021 through December 1, 2023).

29. Multiplying the $250.00 dealer fees Plaintiff claims each putative class member is owed by the 20,437 estimated putative class members alone exceeds the $5 million threshold (20,437 x $250.00 = $5,109,250.00). *See* Compl. ¶¶ 19-20, 49; *Standard Fire Ins. Co.*, 568 U.S. at 592 (claims of individual class members, including those of unidentified persons who meet the class definition, are aggregated to determine whether the $5 million amount in controversy is met).

30. In addition, Plaintiff and the putative class members would be entitled to recover sales tax on each $250.00 dealer fee claim they seek. *See Hutcheson v. Ohio Auto. Dealers Ass'n*, No. 97394, 2012 WL 3527041, at * 7 (Ohio Ct. App. Aug. 16, 2012) ("A 'documentary service charge' may be added to the base price of the motor vehicle and then subject to the sales tax."). Sales tax rates vary by county in Ohio, ranging from 6.5% to 8%. Using the middle of this range, 7.25%, each claim includes an additional $18.125 in controversy. For the estimated 20,437 putative class members, this adds $370,420.63 to the amount in controversy. When added to the alleged damages of $250.00 per claim, this brings the amount in controversy to $5,479,670.63.

31. Also, Plaintiff lists as a "question[] of law and fact common to the Class" "[w]hether Tomblin and the other Class members were damaged in the amount of the <u>license fees</u> and dealer fees that GEICO refused to pay," Compl. ¶ 25(b) (emphasis added), thereby placing licenses fees in controversy.

32. Based on Ohio law, Plaintiff could be referring to any or all of the following "license fees": (1) a $6.00 license tax, Ohio Rev. Code §§ 4503.038, 4503.12; (2) a $15.00

8

certificate of title fee, Ohio Rev. Code §§ 4505.06(A)(2), 4505.09(A)(1)(b); (3) a $20.00 temporary motor vehicle license registration fee, Ohio Rev. Code § 4503.182; (4) a $31.00 registration fee, Ohio Rev. Code § 4503.10; or (5) a $0-$30.00 township motor vehicle license tax, which varies by township, Ohio Rev. Code § 4504. The amount of "license fees" that Plaintiff has potentially put in controversy could be as high as $102.00 per claim. For 20,437 estimated putative class members, this adds an additional $2,084,574.00 to the amount in controversy. Adding this to the dealer fees and potential sales tax, Plaintiff has put $7,564,244.63 in controversy, which is well over the $5 million jurisdictional requirement.

33. Even if the Court is hesitant to estimate the number of putative class members through December 1, 2023, the date the Court can reasonably estimate the putative class will close, the Court need only look through September 16, 2021.

34. Based on the assumption that GEICO Choice will continue to handle, on average, 8.5902 total loss claims from Ohio policyholders per day, Antonacci Decl. ¶ 7, GEICO Choice can be expected to handle an estimated 128 total loss claims from Ohio policyholders from September 2, 2021 through September 16, 2021 (15 days x 8.5902 claims per day).

35. Therefore, this Court can reasonably estimate that there will be 13,513 putative class members through September 16, 2021 (13,385 putative class members from October 2, 2014 through September 1, 2021 + 128 estimated putative class members from September 2, 2021 through September 16, 2021).

36. Multiplying the $250.00 dealer fees Plaintiff claims each putative class member is owed by the 13,513 estimated putative class members puts $3,378,250.00 in controversy. Using the middle sales tax rate, 7.25%, for each of the estimated 13,513 putative class members, there is an additional $244,923.13 in controversy. Considering the potential $102.00 of license fees

Plaintiff has put in controversy for each of the estimated 13,513 putative class members, an additional $1,378,326.00 is in controversy. Therefore, considering the potential dealer fees, sales tax, and license fees for each of the estimated 13,513 putative class members through September 16, 2021, Plaintiff has put $5,001,499.13 in controversy ($3,378,250.00 in dealer fees + $244,923.13 in sales tax + $1,378,326.00 in license fees), thereby satisfying the amount in controversy requirement.

37. In other words, the Court need only assume the putative class period will remain open for an additional nine days to find the amount in controversy is satisfied. But by the Complaint's terms, the putative class period will remain open far beyond that. *See* Compl. ¶ 22 ("The class period will be from August 10, 2013, *to the date of class certification*. (emphasis added)).

38. Plaintiff also seeks attorneys' fees. Compl., Request for Relief ¶¶ c, e. GEICO Choice is entitled to rely on Plaintiff's allegation seeking attorneys' fees, and include such fees in calculating the amount in controversy, if the allegation was made in "good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). If Plaintiff's allegation seeking attorneys' fees was made in good faith, GEICO Choice estimates such fees at more than $1.65 million, which would be added to the potential amount in controversy. *See McGraw v. GEICO General Ins. Co.*, No. C16-5876BHS, 2017 WL 1386085, at *5 (W.D. Wash. Apr. 18, 2017). By including this estimate, GEICO Choice does not concede that Plaintiff's request for attorneys' fees was made in good faith, or that Plaintiff is entitled to fees at all, where Plaintiff does not assert any statutory or contractual basis for such fees. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

39. Although GEICO Choice does not concede Plaintiff or any putative class member is entitled to the damages or attorneys' fees alleged and sought, those claimed damages exceed the threshold for CAFA jurisdiction.

## REMOVAL IS PROPER

40. The proposed class as defined easily satisfies the requirement for CAFA jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (a notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and does not need to include evidentiary submissions).

41. Although GEICO Choice alleges that the amount in controversy exceeds the jurisdictional threshold and the putative class contains more than 100 members, GEICO Choice does not concede that it is liable for any conduct that would warrant the imposition of any damages alleged by Plaintiff. GEICO Choice also does not concede that Plaintiff may represent a class of GEICO Choice policyholders in Ohio over any period. GEICO Choice reserves all defenses and objections to the claims asserted by Plaintiff and the putative class.

## PROCEDURAL STATEMENT

42. This Notice of Removal is timely because it was filed within 30 days after August 10, 2021, the date GEICO Choice received, through service of process, a copy of the Complaint and summons. 28 U.S.C. § 1446(b); *see* Ohio Civ. R. 4.1(A)(1)(b) (permitting service of process "by a commercial carrier service utilizing any form of delivery requiring a signed receipt"); *Freedom Steel, Inc. v. Senn Freight Lines, Inc.*, No. 1:09-CV2750, 2010 WL 395228, at *1 (N.D. Ohio Jan. 26, 2010) ("[T]he removal time period in this case runs from the date on which the Defendant actually received the complaint and summons via regular mail.").

43. GEICO Choice concurrently will file a copy of this Notice of Removal with the

Lake County Clerk of Courts and serve notice on Plaintiff as required by 28 U.S.C. § 1446(d).

44. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as Exhibit 3.

45. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel and to the Lake County Ohio Clerk of Courts of the Common Pleas. A copy of the notice is attached hereto as Exhibit 4.

46. This Court is the "district court for the district and division within which" the State Court Action is pending. 28 U.S.C. § 1446(a). GEICO Choice's Notice of Removal has therefore been filed in the proper court.

47. GEICO Choice will answer Plaintiff's Complaint or present other defenses or objections as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c).

48. GEICO Choice reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, GEICO Choice removes this action from the Court of Common Pleas, Lake County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division.

Dated: September 7, 2021

                         Respectfully submitted,

                         */s/* Michael D. Meuti

                         Michael D. Meuti (0087233)
                         Benesch, Friedlander, Coplan & Aronoff LLP
                         200 Public Square, Suite 2300
                         Cleveland, OH 44114-2378
                         Phone: (216) 363-6246
                         Facsimile: (216) 363-4588
                         mmeuti@beneschlaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 7, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system.

Drew Legando (0084209)
Edward S. Jerse (0013155)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Fax: (216) 522-0007
drew@merrimanlegal.com
edjerse@merrimanlegal.com

Roger L. Mandel
JEEVES MANDEL LAW GROUP, P.C.
2833 Crockett St., Suite 135
Fort Worth, TX 76107
Telephone: (214) 253-8300
rmandel@jeevesmandellawgroup.com

Scott R. Jeeves
THE JEEVES LAW GROUP, P.A.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com

Edward H. Zebersky
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 989-6333
ezebersky@zpllp.com

Respectfully submitted,

*/s/* Michael D. Meuti

Michael D. Meuti (0087233)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Phone: (216) 363-6246
Facsimile: (216) 363-4588
mmeuti@beneschlaw.com