UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAKENDA TOMBLIN, | ) | Case No. 1:21-cv-01741 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman Jr. |
| GEICO CHOICE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

On September 7, 2021, Defendant Geico Choice Insurance Company removed this putative class action to federal court, alleging that the amount-in-controversy exceeds $5 million and, therefore, vests the Court with jurisdiction under 28 U.S.C. § 1332(d). (ECF No. 1.) Plaintiff Lakenda Tomblin moved to remand the case to State court for lack of jurisdiction, arguing, among other things, that Defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds the statutory jurisdictional threshold. (ECF No. 19.) For the reasons explained below, the Court **GRANTS** Plaintiff's motion to remand for lack of jurisdiction.

### BACKGROUND

**A.  Plaintiff's Complaint**

On August 10, 2021, Plaintiff sued Geico in State court. (ECF No. 1-3.) Her complaint arises out of an accident that rendered her car a total loss. (*Id.*, ¶ 17, PageID #26.) Plaintiff made a claim with Geico, her auto insurer, which treated her vehicle as a total loss and offered a settlement. (*Id.*, ¶ 18.) According to Plaintiff,

this offer did not include an amount for dealer fees (*id.*), also known as dealer documentary fees, which Ohio law requires be disclosed and caps at $250 (*id.*, ¶ 2, PageID #22). Plaintiff filed this suit seeking "unconditional upfront payment of dealer fees" under the terms of the insurance contract between her and Geico. (*See, e.g., id.*, ¶¶ 3, 20, PageID #22, 26.)

In Count I, Plaintiff seeks a declaration that Geico's insurance policy "requires payment of either the median amount of dealer fees charged by auto dealers in Ohio or the amount of dealer fees most frequently charged by auto dealers in Ohio, the statutory maximum fees of $250." (*Id.*, ¶ 46, PageID #32.) Count II asserts breach of contract based on Geico's alleged failure to pay dealer fees. (*Id.*, ¶ 49, PageID #32.)

Plaintiff brings this action individually and on behalf of a putative class, defined as follows:

> All individuals who: (a) on or after August 10, 2013; (b) are or were covered by a GEICO Ohio personal automobile insurance policy; (c) made a claim under the Collision or Comprehensive coverage of that policy for damage or loss to a covered vehicle which GEICO accepted and treated as a total loss claim; and (d) GEICO paid the claim on a cash basis." Compl. ¶ 22.

(*Id.*, ¶ 22, PageID #27.) Plaintiff defines the class period as running "from August 10, 2013, to the date of class certification. (*Id.*)

### B. The Record on Removal

Defendant timely removed this action to federal court, arguing that "the Court has original jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA")." (ECF No. 1, ¶ 10, PageID #3.) It invokes CAFA jurisdiction on the basis

2

that there is: "(1) minimal diversity of citizenship; (2) a proposed class with at least 100 members; and (3) at least $5 million in controversy." (*Id.*)

In the notice of removal, Defendant maintains that the amount in controversy exceeds CAFA's jurisdictional threshold of $5 million. (*Id.*, ¶¶ 18–39, PageID #4–11.) To support this position, Defendant tenders the declaration of a long-time Geico technical supervisor, David Antonacci. (ECF No. 1-2.) According to his declaration, Geico Choice's first total-loss claim in Ohio was October 2, 2014. (*Id.*, ¶ 5, PageID #17.) Defendant alleges that it handled 13,385 claims for total loss by Ohio policyholders during a period roughly overlapping with the class period (October 2, 2014 through September 1, 2021). (*Id.*, ¶ 6; ECF No. 1, ¶ 25, PageID #7.) To that total, Defendant adds 7,052 estimated claims based on a calculation of total loss claims from September 1, 2021 through the end of the class period. (ECF No. 1-2, ¶ 8, PageID #17; ECF No. 1, ¶ 27, PageID #7.) Defendant then multiplies the total of 20,437 claims by $250 (the statutory cap on dealer fees) to calculate an amount in controversy of just over $5 million—$5,109,250 to be exact. (ECF No. 1, ¶ 29, PageID #8.)

### C. The *Desai* Litigation

Presently, the Court is handling another putative class action against Geico Casualty Company raising a substantially similar claim. *See Desai v. Geico Cas. Co.*, No. 1:19-cv-2327. In 2019, Milind Desai (represented by the same counsel as Ms. Tomblin) filed that case as a putative class action alleging, among other things,

3

that Defendant violated Ohio law by not unconditionally paying various fees, including dealer fees. (*Desai* ECF No. 1-1, ¶ 4, PageID #15.)

As defined in the complaint, Ms. Tomblin is a member of the putative class in *Desai*. That case defines the class as:

> All individuals who: (a) on or after September 6, 2011; (b) are or were covered by a GEICO CASUALTY COMPA[N]Y ("GEICO") Ohio personal automobile insurance policy; (c) made a claim under the Collision or Comprehensive coverages of that policy for damage or loss to a covered vehicle which GEICO accepted and treated as a total loss claim; and (d) GEICO paid the claim on a cash settlement basis.

(*Desai* ECF No. 97, PageID #2131; *Desai* ECF No. 105, PageID #2302.) In *Desai*, the class period runs from September 6, 2011, to the date of class certification. (*Id.*)

On November 24, 2021, the Court held oral arguments on Plaintiff's motion for class certification in *Desai* and is entering a ruling on that motion contemporaneously with this Opinion and Order.

## ANALYSIS

To remove a case from a State court to federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In class actions, "the matter in controversy must exceed the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

4

Where, as here, a plaintiff's complaint does not state the amount in controversy, the removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence. *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). To assert the amount in controversy, the defendant need only plausibly allege the that the class claim exceeds $5 million. *Id.* at 84, 87. To do so, the defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

If the plaintiff contests the defendant's allegation, Section 1446(c)(2)(B) instructs that "removal of the action is proper on the basis of an amount in controversy asserted [by the defendant] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Therefore, the removal statute requires evidence only where, as here, the plaintiff disputes the facts supporting removal. *Dart Cherokee,* 574 U.S. at 89. In such circumstances, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

No presumption against removal applies in cases invoking jurisdiction under CAFA. *Standard Fire Ins.*, 568 U.S. at 595. To the contrary, CAFA embodies a strong preference that the federal courts hear class actions, if properly removed. *Dart Cherokee,* 574 U.S. at 89 (citation omitted). "Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 F. App'x 397, 398 (6th Cir.

5

2016). Proof by a preponderance of the evidence means "such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in the mind of the finder of fact belief that what is sought to be proved is more likely true than not true." *Williams v. Eau Claire Pub. Sch.*, 397 F.3d 441, 446 (6th Cir. 2005) (cleaned up).

## I.   Amount in Controversy

Plaintiff moves to remand, arguing that Defendant's supporting declaration from Antonacci is not competent evidence and that, even if it is, Defendant's calculations of the number of class members and the amount in controversy are inflated. (ECF No. 19, PageID #256.) CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of plaintiff's proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (cleaned up).

Plaintiff argues that calculation of the amount in controversy ends on the date of removal. (ECF No. 19, PageID #263.) Not so. "Although the jurisdiction of the federal court is examined at the time of removal, future compensations that are claimed in the complaint are included in the total amount in controversy." *Naji*, 665 F. App'x at 401–02 (citations omitted). Here, the calculation includes all persons who suffer a total loss until the "date of class certification." *Id.* at 401–02 & n.2.

6

**I.A. Proof of the Number of Policyholders**

Instead of presenting evidence of her own, Plaintiff argues that Defendant has not carried its burden to prove the amount in controversy because Antonacci's declaration does not constitute competent evidence. (ECF No. 19, PageID #261–62.) Plaintiff cites *Kiparskis v. Envirotest Systems Corp.*, No. 1:20 CV 2485, 2021 WL 119259, at *2 (N.D. Ohio Jan. 13, 2021), for the proposition that resolving a dispute over the amount in controversy requires "competent evidence." Antonacci declares that he conducted a "preliminary and high-level search of GEICO's records." (ECF No. 1-1, ¶ 6, PageID #17.) Plaintiff complains that the declaration does not identify the documents reviewed or provide other details. (ECF No. 19, PageID #262.) But the removal statute on its face and as construed by the Supreme Court only requires evidence. Plaintiff points to no requirement for the level of detail or specificity she demands.

Plaintiff relies on two cases from the Northern District of California to argue that declarations like the one Defendant proffers are inadmissible. *Jian-Ming Zhao v. Relayrides, Inc.*, No. 17-cv-04099, 2017 WL 6336082, at *14 (N.D. Cal. Dec. 12, 2017); *Garcia v Wal-Mart Stores, Inc.*, 207 F. Supp. 3d 1114, 1121-22 (C.D. Cal. 2016). Both turn on the Ninth Circuit's requirement for "summary-judgment-type" evidence for a defendant to meet its burden on a contested removal. *Garcia*, 207 F. Supp. 3d at 1121 (citations omitted). But in the Sixth Circuit, the party invoking federal court jurisdiction need only "demonstrat[e] by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project*

7

*v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). The Court finds that Antonacci's declaration is competent proof. He is well acquainted with Defendant's claim-processing practices, and his declaration is relevant for the limited purpose of identifying the number of claims potentially at issue. Plaintiff had the opportunity to request jurisdictional discovery to refute Antonacci's position but declined to do so.

Additionally, Plaintiff seizes on Antonacci's use of the number of claims "handled." (ECF No. 1-2, ¶ 6, PageID #17.) Plaintiff argues that the number of claims handled differs from those accepted and paid, inflating the number of class members. (ECF No. 19, PageID #259.) The Court rejects this argument for two reasons. First, in context, it is clear from the face of the declaration that the total-loss claims that Geico handled are those falling within the class definition Plaintiff pleads. Second, based on its experience with counsel in *Desai*, the Court doubts very much that Plaintiff would limit the putative class in the way she argues now. Indeed, doing so would defeat the purpose of proceeding on behalf of a class. Seizing on semantics will not defeat federal jurisdiction otherwise properly established.

### I.B. Calculation of Amount in Controversy

Based on Antonacci's declaration, the Court finds that Defendant satisfies its burden of proof regarding the 13,385 total-loss claims from October 2, 2014 through September 1, 2021, the average of 8.5902 claims per day, and the potential damages per class member of $250. Defendant falls short, however, when it comes to estimating the number of prospective class members.

To be sure, Defendant need not prove with certainty the number of prospective members (those from September 1, 2021 through the date of class certification). But its estimate must be reasonable. Based on its experience, the Court finds that Defendant's use of case management data to estimate the end date for the class period (December 1, 2023) is not reasonable and not accurate for at least two reasons. First, *Desai* does not serve as a good benchmark for estimating the lifecycle of this case. Since being removed to federal court, *Desai* has twice been reassigned to a new judge—on December 16, 2019 and December 11, 2020—requiring the new judges to get up to speed and entailing adjustments in case management approaches. Second, resolution of the class-certification motion in *Desai* will expedite the resolution of the substantially similar issues in this case relating to dealer fees. In fact, the parties agree that *Tomblin* will benefit from the extensive fact and expert discovery taken in *Desai*. (ECF No. 25, PageID #388; ECF No. 30, PageID #564.) And the parties' respective briefing on class certification and related issues under Rule 702 in *Desai* will result in more efficient and expeditious proceedings in this case.

Accordingly, even a conservative schedule would result in a ruling on Plaintiff's motion for class certification in no more than one year—far less time than Defendant's calculation of December 1, 2023, which it suggests to meet the jurisdictional amount-in-controversy requirement. As a result, the amount in controversy—according to the Court's calculation—is $4,388,000 (13,385 class members (from October 2, 2014 through September 1, 2021) plus 4,167 (485 days from September 2, 2021 through December 31, 2022) for a total of 17,552 class

members multiplied by $250 per claim). Adding an additional amount in sales taxes for each claim (estimated at $18.13), as Defendant urges, yields at most an additional $318,218 in controversy—still short of the $5 million CAFA requires.

## II.     Adding Other Sums to the Amount in Controversy

To try to bridge the gap by which it falls short of the amount in controversy, Defendant argues for adding two different amounts to it. First, Defendant wants to include license fees because of a stray reference in the complaint. (ECF No. 1-3, ¶ 25(b), PageID #27.) In that paragraph of the complaint, Plaintiff lists as a common question whether damages include the amount of license fees and dealer fees. (*Id.*) But that passage is an obvious cut-and-paste error from the complaint in *Desai*. (*Desai* ECF No. 1, ¶ 31, PageID #8.) Therefore, the Court will not count the license fees toward amount in controversy.

Second, Defendant seeks to add reasonable attorney's fees to the amount in controversy. Under the law of this Circuit, "reasonable attorney's fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). No claim Plaintiff seeks authorizes recovery of attorney's fees. Count I seeks a declaratory judgement under Chapter 2721 of the Ohio Revised Code. Section 2721.11 states that a court "shall not award attorney's fees to any party on a claim or proceeding for declaratory relief under this chapter unless" (1) the chapter authorizes attorney's fees (which it does only for actions involving childhood sexual abuse, *see*

10

Ohio Rev. Code § 2421.21), (2) Section 2323.51 of the Ohio Revised Code (frivolous conduct), the Ohio Civil Rules, or an award of punitive or exemplary damages authorizes attorney's fees, or (3) the fees are to be paid out of a trust, estate, or other property that is subject of a fiduciary relationship. Ohio Rev. Code §§ 2721.16(A)(1)(a)–(c).

### III. Ancillary Jurisdiction

Because this case bears substantial similarities to *Desai*, the Court requested that the parties address whether it may exercise supplemental jurisdiction over this case based on the exercise of removal jurisdiction over *Desai*. Under the supplemental jurisdiction statute, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action" such that they form part of the same case or controversy. 28 U.S.C. § 1367(a). On the face of the statute, supplemental jurisdiction does not extend beyond a single action. Therefore, the Court determines that it may not exercise jurisdiction over this action based on *Desai*.

## CONCLUSION

For the foregoing reasons, the Court determines that it lacks subject-matter jurisdiction over this action. Accordingly, the Court **GRANTS** Plaintiff's motion to remand the case to the Lake County Court of Common Pleas. Because the Court lacks jurisdiction, it has no occasion to consider the other pending motions.

**SO ORDERED.**

Dated: December 6, 2021

                                             J. Philip Calabrese
                                             United States District Judge
                                             Northern District of Ohio